EXCLUSIVE USA MARKETING CORP., Plaintiff—Appellant,

and

United States of America, Intervenor,

v.

USA PROCESSING, INC.; USA Payment, Inc.; Robert Cucinotta; Karim Maskatiya; Kirk Sanford; Michelle Barretto; Michael Borrelle, Defendants—Appellees.

No. 02–17395.

D.C. No. CV–99–21133–JW/PVT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Dec. 24, 2003.

Gary E. Gamel, Esq., Woodside, CA, for Plaintiff–Appellant.

Marc Siegel, Antitrust Division, San Francisco, CA, for Intervenor.

Bryan J. Wilson, Robert L. McKague, Esq., Kenneth A. Kuwayti, Esq., Morrison & Foerster, LLP, Glen W. Schofield, Esq., Allen Ruby, Esq., Anne–Marie Waggoner, Esq., Ruby & Schofield, San Jose, CA, for Defendants–Appellees.

Before HAWKINS, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Exclusive USA Marketing Corporation ("Exclusive USA") appeals the district court's grant of Robert Cucinotta and Karim Maskatiya's motion for summary judgment.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Because the parties are familiar with the facts, we recite them only as necessary to our disposition.

982

The district court granted summary judgment to Cucinotta and Maskatiya on Exclusive USA's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims. To prevail on its RICO claims, Exclusive USA would have to establish that Cucinotta and Maskatiya "engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1086 (9th Cir. 2002). The district court determined that Exclusive USA failed to raise a genuine issue of material fact that the alleged RICO violation caused Exclusive USA's claimed damages. We agree.

Exclusive failed to point to any evidence-in either the briefs or papers opposing summary judgment-that, but for the alleged bribes, BA Merchant Services would have insisted on signing the Agreement for Electronic Payment Processing with USA Processing rather than USA Payment. Nor are we presented with a reasonable basis for inferring from the record that BA Merchant Services had any reason to care with which entity it contracted, such that a bribe was required to convince the BA officials to contract with one rather than the other. In particular, Exclusive fails to point to any facts in the record regarding the timing of the bribes that might support the specific causal inference for which it argues.

Exclusive's failure to present any evidence concerning causation is dispositive.

Absent any evidence, Exclusive may not survive summary judgment on the RICO claim by relying on a blanket allegation in the complaint and counterintuitive inferences.[2]

AFFIRMED.

---

**2.** The district court also granted summary judgment to Cucinotta and Maskatiya on Exclusive USA's alter-ego claim. Counsel for Exclusive USA stated at oral argument that the alter-ego claim was not a stand-alone cause of action, but a means for holding Cucinotta and Maskatiya accountable for USA Payment's RICO violations. Accordingly, because USA Processing cannot survive summary judgment on its RICO claim, its alter-ego claim must also fail.